PABLO CASTRO, demandante y apelante, *v.* NICOLÁS QUIÑONES JIMÉNEZ, demandado y apelado.

No. 3123.—*Visto:* Enero 13, 1925. *Resuelto:* Diciembre 23, 1925.

1. NEGLIGENCIA—ACCIONES—EVIDENCIA — SUFICIENCIA DE LA MISMA. — Atendida toda la prueba presentada en el caso de autos, *se resolvió:* que la misma no revela un error tan manifiesto en su apreciación que requiera la revocación de la sentencia apelada.

2. APELACIÓN Y ERROR—REVISIÓN—ERRORES NO PERJUDICIALES — CONCLUSIONES DE LA CORTE INFERIOR SOBRE LA PRUEBA.—Fundada una resolución en la no existencia de negligencia por parte del demandado, y no existiendo conclusión de hechos respecto a negligencia contributoria por parte de la víctima que tienda a exonerar al demandado de cualquier responsabilidad que, de no ser por tal negligencia contributoria, recaería sobre él, y sí una imputación incidental de imprudencia por parte de la víctima, el error, si alguno hubo, en tal imputación, se resolvió no era perjudicial.

3. Apelación y Error—Presentación y Reserva en la Corte Inferior de los Fundamentos de Revisión—*Issues* y Cuestiones en la Corte Inferior.—Teniendo el juez sentenciador derecho a una oportunidad para resolver las cuestiones que se pretendan alegar en apelación, las cuestiones en las cuales se ha de fundar el apelante para solicitar la revocación de la sentencia deben ser levantadas clara y francamente en la corte inferior.

4. Apelación y Error—Señalamientos de Error—Cuestiones Levantadas en Ellos—Investigación por el Supremo. — El apelante debe establecer las proposiciones todas cuya solidez no resulte inmediatamente evidente, ya que el Tribunal Supremo generalmente no asumirá la obligación de investigar independientemente cuestiones más o menos dudosas y que no han sido debidamente desarrolladas en el alegato.

Sentencia de *M. Rodríguez Serra*, J. (Segundo Distrito, San Juan), declarando sin lugar la demanda, sin costas. *Confirmada.*

*Eduardo López Tizol*, abogado del apelante; *José Martínez Dávila*, abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La corte inferior, después de celebrado un juicio sobre los méritos, declaró sin lugar la demanda de indemnización de daños y perjuicios fundada en los siguientes hechos que fueron declarados probados, a saber:

"El demandado venía con su familia por la carretera Central, desde Río Piedras a San Juan, en el automóvil No. 3390, guiado por José Merced Aponte, a quien había sido expedida licencia de aprendizaje, y actuaba como empleado del demandado. Al llegar a la parada 21, en Santurce, el niño Neftalí Castro, hijo del demandante, salió corriendo desde el lado Norte de la Carretera hacia el opuesto, en momentos en que se aproximaba al mismo sitio el automóvil, chocando el niño con el vehículo por la parte lateral derecha del mismo. La lesión sufrida por Neftalí Castro a consecuencia del choque recibióla en la parte superior anterior de la pierna derecha; no presentó su cuerpo, al ser más tarde examinado, otro golpe ni herida; lo cual indica que hubo aquél de ser producido necesariamente mientras el niño corría y levantaba dicha pierna. No fué pisado bajo las ruedas, ni le pasó el carro sobre su cuerpo. La violencia de la colisión le hizo caer hacia un lado y le produjo un "shock" del cual no pudo sobrevivir. Este "shock" se comprobó por la ausencia de sangre en la herida.

"Estamos convencidos de que el accidente fué inevitable, dadas las circunstancias, y de que no hubo prueba alguna de negligencia

por parte del *chauffeur* del demandado. Se trata de un hecho casual, desgraciado, cuyo causante principal fué el propio niño que trató, imprudentemente, de atravesar corriendo la carretera en los momentos en que transitaba el automóvil, por su derecha y a velocidad regular. El niño fallecido trató de cruzar la carretera siguiendo a un campañero que momentos antes la había cruzado con gran riesgo de ser atropellado.

"No encontramos pues motivo alguno que justifique una sentencia contra el demandado a quien creemos exento de responsabilidad por el desgraciado suceso."

Los señalamientos de error contienen las siguientes alegaciones:

"1. Que la corte cometió error dictando una sentencia contraria a la prueba practicada.

"2. La corte cometió error al no dar debida aplicación al precepto de ley que establece que toda prueba voluntariamente omitida se presume que habría de serle adversa a la parte que la omite.

"3. La corte cometió error al no dar debida aplicación al precepto que le obliga a dictar una sentencia de acuerdo con la preponderancia de la prueba.

"4. La corte cometió error al no permitir que se tomara una deposición al testigo Vicente Rivera.

"5. La corte cometió error al permitir que se presentara en evidencia una carta dirigida por el Fiscal Díaz Collazo al Comisionado del Interior para que le fuera devuelta una placa de *chauffeur* a un tal José Martínez.

"6. La corte cometió error al admitir que se presentaran cuatro tarjetas de aprendizaje sin la firma del Comisionado del Interior y sí simplemente con un sello que decía "Guillermo Esteves", por lo cual no estaba debidamente identificada.

"7. La corte cometió error al permitir que el testigo Nicolás Quiñones Jiménez probara que era un *chauffeur* sin haberse establecido tal defensa, como materia nueva.

"8. Que cometió error al no permitir que el demandante llamara a declarar como prueba de *robuttal* al testigo Jesús Martínez.

"9. La corte cometió error dando por probada la muerte del niño Neftali Castro de 'shock' cuando la muerte se ha probado que fué de 'shock traumático.'

"10. Que ha cometido error al considerar que no ha habido prueba alguna de negligencia contra el que guiaba el automóvil y

encontrándola en el niño Neftali Castro que sólo tenía de 7 a 8 años de edad.''

[1] La prueba testifical del demandante no tiende a sostener las conclusiones que son necesariamente consecuencia de la versión que respecto al incidente ha hecho el demandado y otro testigo ocular. Tal vez hubiera sido más fácil dictar una sentencia a favor del demandante, pero un estudio cuidadoso de toda la prueba no revela un error tan manifiesto que requiera la revocación. El entrar en una discusión detallada acerca del primer y tercer fundamentos del recurso y de la primera mitad del décimo no produciría ningún resultado que estuviera en proporción con el tiempo y trabajo empleado.

[2] La corte inferior fundó su resolución en la teoría de no existir ninguna negligencia por parte del demandado, o, en otras palabras, en que lo ocurrido fué un accidente inevitable en tanto se trataba de cualquier relación por parte del demandado con el mismo. No hay ninguna conclusión de hechos respecto a la negligencia contributoria por parte de la víctima en tal accidente que pueda tender a exonerar al demandado de cualquier responsabilidad que de no ser por tal negligencia contributoria recaería sobre él. Tal vez hubiera sido mejor decir que el acto del niño en correr hacia la calle sin otra calificación de tal actuación, fué la causa próxima del accidente. Pero sea como fuere, el error, si alguno hubo en la imputación incidental de imprudencia por parte del niño, no era perjudicial.

De igual modo, refiriéndonos ahora a la alegación novena del apelante, el juez sentenciador no declaró probado que la muerte fuera originada por una conmoción debida a un susto u otra causa diferente de la indicada en la certificación de defunción. El alegato del apelante asume, sin tratar de demostrar, cierta especie de distinción entre el ''*shock* traumático'' mencionado en la certificación de defunción y el ''*shock*'' que resulta de la violencia de la colisión como

declaró probado la corte inferior. No existiendo en abso-
luto ninguna demostración en contrario esta distinción pa-
rece ser una distinción sin diferencia.

[3, 4] De las restantes proposiciones la quinta es tal vez
la más meritoria, pero aun en ésta el apelante no cita nin-
guna autoridad en apoyo de su contención, ya sea en teoría
o con motivo del fundamento que se trató de establecer para
la misma en la corte inferior.

Mientras declaraba el testigo Díaz Collazo, ocurrió el si-
guiente incidente:

"Demandado.—Presenta al testigo un documento, y el testigo
dice una carta autorizada por mí en mi carácter de fiscal del distrito,
haciéndole saber al comisionado del interior. . . . . El demandante
dice que la carta hablará por sí misma cuando sea admitida por la
corte. Demandado.—Que esa carta se la dió al acusado con motivo
de que se le había retirado su placa. Dicha carta se propone como
prueba por el demandado una carta dirigida al Comisionado del
Interior por el Sr. Díaz Collazo, en su carácter de Fiscal del Dis-
trito, y entregada a José Martínez, para que le fuera devuelta su
placa que le había sido cancelada.

"Demandante.—Nos oponemos porque no se sabe si fué entre-
gada al Sr. Martínez, y segundo que los hechos que constan en la
carta, en manera alguna pueden servir para resolverse la cuestión
en una acción civil.

De la prueba testifical del demandado hacemos la siguiente
cita:

"Que ese José Martínez es el mismo que guiaba el automóvil y
que es el mismo a que se refiere la carta del fiscal.

"Demandado.—Presentamos como prueba esa carta. Admitida.
Demandante, toma excepción."

Debió haber sido claro para el abogado el hecho de que
el Juez de Distrito consideró la esencia de la objeción en el
sentido de que se refería a la falta en identificar como
*chauffeur* del carro de Quiñones a José Martínez a quien se
refería la carta del fiscal. Sin embargo, al ser ofrecida de
nuevo la carta como prueba después de tal identificación del

individuo en ella nombrado, no se hizo ninguna objeción a su propuesta admisión ni ninguna manifestación se hizo a la corte en cuanto a la naturaleza del fundamento de la excepción tomada.

El juez sentenciador tiene derecho a una oportunidad para resolver las cuestiones que se pretendan alegar en apelación y las cuestiones en las cuales se ha de fundar el apelante para solicitar la revocación de la sentencia deben ser levantadas clara y francamente en la corte inferior.

Los demás alegados errores, según han sido discutidos y sometidos en el alegato, no requieren seria consideración. Como hasta ahora se ha dicho repetidas veces, es el deber del apelante establecer de algún modo, por lo menos, todas las proposiciones cuya solidez no resulte inmediatamente evidente y esta corte generalmente no asumirá la obligación de hacer una investigación independiente de cuestiones que son más o menos dudosas y que no han sido debidamente desarrolladas en el alegato.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.